JUMA JONES                                : CIVILACTION NO:
       PLAINTIFF,
V.


SCOTT SANSOM, CHIEF OF POLICE;
MACK HAWKINS, DEPUTY CHIEF OF
POLICE AND TOWN OF EAST HARTFORD,
       DEFENDANTS                       : MARCH 30, 2021


## <u>COMPLAINT</u>

### I.    <u>NATURE OF ACTION</u>

1.    This is an action for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C.§ 2000e ("Title VII"), the Civil Rights Act of 1991, and denial of due process and equal protection pursuant 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and the Connecticut Fair Employment Practices Act C.G.S. § 46a-51 et seq, and a claim of breach of contract under the common law of the State of Connecticut.

### II.    <u>JURISDICTION AND VENUE</u>

2.    The Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§1331, 1343, and 1367.

3.    Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because all of the events or omissions giving rise to the claims occurred in the State of Connecticut and this District.

4.     The Court has personal jurisdiction over the individual defendants because they are residents of the State of Connecticut and subject to general jurisdiction in this state and because they committed tortious acts, from which this cause of action arises, in the State of Connecticut.

## III.     PARTIES

5.     The Plaintiff, JUMA JONES ("Jones" or "plaintiff"), at all times mentioned herein, was a black, African-American male, employed as a police officer for the Town of East Hartford Police Department ("EHPD") and a resident of the State of Connecticut.

6.     The Defendant, SCOTT SANSOM ("Sansom"), at all times mentioned herein was the Chief of Police of the Town of East Hartford Police Department. He is sued in his individual and official capacity.

7.     The Defendant, MACK HAWKINS ("Hawkins"), at all times mentioned herein was the Deputy Chief of Police of the Town of East Hartford Police Department.  He is sued in his individual and official capacity.

8.     The Defendant, TOWN EAST HARTFORD ("EAST HARTFORD" or "EHPD"), was a duly incorporated municipal corporation in the State of Connecticut.

## IV.     FACTS APPLICABLE TO ALL CAUSES OF ACTION

9.     This case involves discrimination and unequal treatment against plaintiff based upon race, color and national origin, and retaliation.

10.     On December 22, 2003, Jones began his employment with the EHPD as a full time sworn police officer.

11. Plaintiff was a conscientious, hard-working and successful law enforcement officer at EHPD. Plaintiff had no prior discipline before prior to the charges leading to his termination

12. On or about February 22, 2013, defendants wrongfully terminated Plaintiff for alleged violation of rules regarding access to the Connecticut On-Line Law Enforcement Communications Teleprocessing System ("COLLECT").

13. COLLECT is run by the State of Connecticut Department of Emergency Services and Public Protection ("DESPP") and is the statewide criminal justice system dedicated to law enforcement and criminal justice agencies in the State of Connecticut. Access to COLLECT is granted only to law enforcement and criminal justice agencies. The COLLECT system services over 180 local, state and federal agencies.

14. Plaintiff and his union grieved the termination to the State Board of Mediation and Arbitration ("SBMA").

15. On July 16, 2013, Plaintiff, and two other African-American EHPD officers sued EHPD in the United Stated District Court alleging racial discrimination, in violation of Title VII and the Fourteenth Amendment Equal Protection clause. (Case Number 3:13-cv-01007-WWE).

16. On November 10, 2014, the SBMA, after a full evidentiary hearing, ordered plaintiff's immediate reinstatement as an EHPD Police Officer. (Case No. 2013-A-0509),

17. In their November 10, 2014 arbitration award, the SBMA stated that the Town did not have just cause to terminate and "should have imposed a lesser penalty on Jones, which in this case the panel determines shall be a suspension without pay." The panel ordered reinstatement on the date of the award and a suspension without pay.

18.     On December 2, 2014, despite the clear decision by the SBMA, East Hartford appealed the SBMA decision to the Superior Court, delaying plaintiff's reinstatement (Case Number HHD-cv14-6055713-S).

19.     On February 5, 2015, during the course of their appeal to the Superior Court, EHPD and in particular Sansom, maliciously and in retaliation for plaintiff's opposition to discrimination, terminated plaintiff for a second time for violations of COLLECT, and based upon the same basis adjudicated by the SBMA.

20.     Following the Union's second grievance, filed on February 11, 2015, the SBMA held that the second (Sansom) termination was an "unlawful circumvention" of their prior decision and ordered defendants to, "cease and desist from refusing to comply with their prior order".

21.     On March 2, 2016, the Superior Court affirmed the first SBMA decision, rejecting the defendants' arguments and ordered plaintiff reinstated as a police officer with EHPD.

22.     On March 21, 2016, continuing their malicious and retaliatory opposition to reinstating plaintiff, Defendants filed a frivolous appeal of the Superior Court decision to the Connecticut Appellate Court (Town of East Hartford v. East Hartford Police Officers' Association, AC 39018).

23.     On October 12-19, 2016, following a settlement conference with the court, EHPD withdrew their frivolous arbitration appeal.

24.     As part of the October 12-19, 2016 settlement plaintiff and East Hartford executed a five page *Memorandum of Agreement*, regarding plaintiff's reinstatement et al.

25.     The parties entered into a contract that stated, inter alia, the following:

    1. The Town will take all steps necessary to assist the Grievant in his efforts [to] receive permission from the Connecticut Police Officer Standards and Training

Council ("POSTC") to attend POSTC training for recertification as a Police Officer in the State of Connecticut.

2. The Town will reinstate the Grievant to the position of police officer on November 21, 2016 and the Grievant will attend POSTC recertification training as soon as permitted by POSTC.

…

5. The Town will take all steps necessary to assist the Plaintiff in his efforts to receive recertification to access the Connecticut On-Line Law Enforcement Communications Teleprocessing ("COLLECT") System.

26.  The POSTC is charged with developing, adopting and revising a comprehensive standard program for local law enforcement units.

27.  On November 17, 2016, POST recommended re-certifying Plaintiff as a police officer pending satisfactory completion of re-certification training.

28.  On November 21, 2017 defendants returned plaintiff to work as a "Police Service Aid" a non-sworn position created by defendants.

29.  On January 10, 2017, Plaintiff completed all recertification training but was not yet recertified with COLLECT.

30.  In order for plaintiff to be recertified COLLECT the DESPP required defendants, and in particular Chief Sansom, to support plaintiff's reapplication.

31.  Sansom maliciously and in retaliation for plaintiff's opposing discrimination as aforementioned refused to support plaintiff's recertification by COLLECT. This arbitrary refusal has resulted in COLLECT refusing to recertify plaintiff.

32.  On March 2, 2017, Deputy Chief Davis, Hawkins, Town Attorney and Plaintiff attended a hearing with Sergeant Smith at COLLECT. At this hearing the defendants

sabotaged plaintiff's COLLECT recertification by resurrecting previously rejected arguments that were the basis of plaintiff's two previous wrongful terminations.

33.    On June 1, 2017, as a result of the above, COLLECT denied plaintiff's recertification.

34.    Defendants pretextually used this denial to deny him reinstatement as a police officer.

35.    As a result of this subterfuge at COLLECT, Plaintiff is not able to obtain POST certification, which requires certification with COLLECT.

36.    On or about June 1, 2017, as a direct result of the aforementioned, Defendants removed plaintiff from his position as a police officer, took his badge, gun and identification card and all police powers and characterized him as a "Police Service Aid" in the police department.

37.    On or about December 2019, Plaintiff, in an effort to obtain COLLECT certification, asked Sansom to forward a proposed letter of recommendation to Darryl Hayes, CSO at the State of Connecticut, Department of Emergency Services and Public Protection/ COLLECT, that would have demonstrated to DESPP/COLLECT that defendants EHPD and Sansom truly desired to have Plaintiff recertified and returned to work. In this letter to Chief Sansom plaintiff stated:

> This letter is sent for the purpose of requesting that you execute and mail the enclosed letter of recommendation to COLLECT supporting my recertification. I refer you to paragraph 5 of the memorandum of agreement executed on 10/19/16 which states …take all steps necessary to assist the Plaintiff in his efforts to receive recertification to access the Connecticut On-Line Law Enforcement Communications Teleprocessing ("Collect") System. I am requesting the execution and mailing of this letter not later than January 10, 2020.

38.    Plaintiff attached a proposed typewritten letter for Samson to sign and forward to COLLECT. Plaintiff's proposed letter from Sansom to Daryl Hayes at COLLECT

reiterated the chronology of plaintiff's reinstatement and Sansom's required support of his application for recertification.

39.   Despite Plaintiff's request, and in continuation of defendants discriminatory and retaliatory conduct towards Plaintiff, Sansom refused to submit the proposed letter, or any letter or support for plaintiff's application for certification to COLLECT.

40.   Sampson's refusal to support plaintiff's application directly resulted in COLLECT refusing to recertify plaintiff.

41.   Samson violated the aforementioned agreement to, "take all necessary steps to assist Plaintiff in his efforts to receive recertification…".

42.   Despite their obligations under the agreement, Sansom and East Hartford refused to forward the necessary letter to COLLECT, breaching the contract they made with the plaintiff.

43.   At all material times, despite plaintiff's reinstatement, defendants have refused to restore plaintiff's police powers and have assigned him to an unsworn desk position.

44.   Defendants' pretextual reason for refusing to fully reinstate plaintiff is the aforementioned denial of recertification by COLLECT.

45.   Defendants have refused to take the necessary steps to obtain plaintiff's COLLECT certification in order to deny him full reinstatement to his position as a police officer.

46.   Defendant Town and Sansom have refused to fulfill their agreement to facilitate plaintiff's return to his police officer position.

47.   To further harass and humiliate plaintiff, Hawkins has ordered that plaintiff not leave the building for any lunch or other break during his work shift.

48.    Defendants' ordered Plaintiff's to wear an old style brown colored police uniform with a humiliating and peculiar, outdated uniform shirt, color gray, in order to humiliate plaintiff. No other person in the EHPD wears this "uniform".

49.    This strange "uniform" resembles a police uniform, putting plaintiff at risk as he has no police powers, weapon and other protection devices.

50.    Two other Caucasian females employed by EHPD were found to have improperly accessed the COLLECT system and were not disciplined or denied their positions, or decertified by COLLECT

51.    EHPD Dispatcher Diane Cycena, who is Caucasian, improperly used COLLECT and was only suspended one week by EHPD.

52.    EHPD Dispatcher Kelly McElroy, who is Caucasian, improperly violated COLLECT rules by allowing another person access to make an inquiry and was only suspended for one week by EHPD.

53.    Other EHPD officers who had similar violations to plaintiff regarding COLLCET were not investigated, suspended, disciplined or arrested or denied certification with COLLECT.

54.    As a result of defendants actions, plaintiff was denied the opportunity to take the sergeants promotional exam.

55.    The Defendants actions violated the Collective Bargaining Agreement and Personnel Rules of the Town of East Hartford.

56.    Defendants' subjected Plaintiff to discriminatory and disparate treatment by refusing first demoting him to service aid and then refusing to reinstate him to his position as

a police officer, in the manner in which he works, his uniform, and the denial to leave the building for any lunch or other break.

57. Defendants subjected Plaintiff to disparate treatment in his position and work conditions based upon racially motivated actions.

58. Plaintiff was subjected to disparate treatment in the manner and terms of his employment.

59. Plaintiff was treated differently than other employees based upon his race African-American, color, national origin, and ancestry.

60. Other non-minority employees with similar allegations were not forced out of their employment.

61. Defendants promoted an inappropriate racially charged atmosphere that resulted in the discrimination against the plaintiff.

62. Defendants actions became the catalyst and basis for the following discriminatory and adverse employment actions:

   a. Hostile work environment from November 10, 2016 to the present;
   b. Denial of his position as a police officer;
   c. Denial of promotion to sergeant;

63. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages of the State of Connecticut and Town of East Hartford.

64. The injuries to the plaintiff were the direct and proximate cause of the intentional actions of the defendants, and as a consequence of the defendants actions the plaintiff suffered significant economic harm, humiliation, physical damages, loss of sleep, headaches and stomach disorder, pain, embarrassment, emotional mental upset, loss

of sleep, physical pain, headaches, stomach aches, loss of enjoyment in life and anxiety, lost revenue, continued irreparable harm to his reputation, lost wages, health and pension time and benefits.

## V.   COUNT ONE-RACIAL DISCRIMINATION (TITLE VII) as to East Hartford

65.   Plaintiff realleges all paragraphs as set forth fully herein.

66.   The defendant Town of East Hartford, violated 42 U.S.C. § 2000 et seq. (Title VII) and its counterpart 42 U.S.C. § 1981, which prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. "See *e.g.* 42 U.S.C. § 2000e-2(a).  Plaintiff would show that (i) he is a member of a protected class; (ii) that he was qualified for the position; (iii) that he suffered an adverse employment action; and (iv) others outside the class who were similarly situated were treated more favorably than he was treated.

67.   Jones was discriminated against based upon his race and color. As a proximate cause of this discrimination, plaintiff was demoted and subjected to disparate treatment and a hostile work environment.

68.   Sansom and Hawkins are supervisors for East Hartford and in that capacity exacted a discriminatory animus against Jones in violation of Title VII.

69.   These defendants, jointly and severally fostered a "hostile work environment" against Jones in violation of Title VII.

70.   Plaintiff has exhausted his administrative remedy as he received "Release of Jurisdiction" letters for all three respondents from the Connecticut Commission on

Human Rights and Opportunities ("CHRO") on February 18, 2021. (Attached as Exhibit 1)

71.      Plaintiff has exhausted his administrative remedy as he received a "Right to Sue" letter from the United States Equal Employment Opportunity Commission ("EEOC") on March 26, 2021. (Attached as Exhibit 2).

72.      As a direct and proximate result of defendants harassing, discriminatory and retaliatory treatment of him, plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, loss of enjoyment of life, physical ailments, and damage to his reputation and career.

## VI.   COUNT TWO –TITLE VII RETALIATION as to Town of East Hartford

73.      Plaintiff realleges all paragraphs as set forth fully herein.

74.      Defendant Town of East Hartford retaliated against plaintiff in violation of 42 U.S.C. § 2000e-3 [Section 704], which prohibits employers from retaliating against an employee "because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing, under this subchapter."

75.      East Hartford retaliated against Plaintiff because of his previous EEOC and CHRO claims, lawsuit and continued opposition to defendants' discriminatory conduct against himself and others.

76.      The reasons advanced by the defendants for denying plaintiff his position were a pretext for their discriminatory and retaliatory actions.

77. As a direct and proximate result of Jones's complaints about discrimination and harassment, the defendants terminated his position causing him significant economic, emotional and professional harm.

78. As a direct and proximate result of defendants' retaliation the plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to his reputation and career.

## VII. COUNT THREE— FOURTEENTH AMENDMENT EQUAL PROTECTION

79. Plaintiff realleges all paragraphs as set forth fully herein.

80. The Equal Protection Clause of the Fourteenth Amendment commands that no government, "deprive to any person within its jurisdiction the equal protection of the laws" and requires that the government treat all similarly situated people alike.

81. The defendants, by their conduct violated the Equal Protection rights guaranteed to plaintiff by the Fourteenth Amendment to the United States Constitution.

82. Plaintiff was part of a "protected class", a distinct group of individuals, African-American, which defendants categorically treated differently.

83. Plaintiff was subjected to selective enforcement of discipline in that he was (1) treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible consideration of his race and intended to inhibit his exercise of her rights and inflicted with malice, bad faith and intent to injure.

84. As a direct and proximate result of defendants' denial of his equal protection under the law the plaintiff has suffered, and continues to suffer, adverse job consequences,

including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to her reputation and career.

## VIII. COUNT FOUR— FOURTEENTH AMENDMENT DUE PROCESS

85. Plaintiff realleges all paragraphs as set forth fully herein.

86. The procedural remedies in the CBA grievance process are inadequate to protect plaintiff's Fourteenth Amendment due process and property interests.

87. Defendants by their conduct violated the procedural due process rights guaranteed to the Plaintiff by the Fourteenth Amendment to the United States Constitution.

88. Plaintiff has not been afforded "notice and an opportunity to be heard" regarding his demotion, denial of police officer position and transfer to the lower paying "Police Service Aid".

89. As set forth above, plaintiff has no other adequate remedy for redress than this Court because the grievance procedure in the CBA was inadequate.

90. Defendant Sansom knew that his termination and subsequent demotion and transfer, would deny plaintiff protection pursuant to the Fourteenth Amendment Due Process Clause.

91. Defendant Sansom had the legal duty to establish, enforce, direct, supervise and establish and control policies, customs, practices, usages, and procedures to be used by town officials.

92. Defendant Sansom conspired through commission and omission by these acts against plaintiff in retaliation for his assertion of rights guaranteed under the aforementioned statutes, policies, and laws of the State of Connecticut and the United States Constitution.

93.   As a direct and proximate result of defendants' actions the plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to his reputation and career.

## IX.   COUNT FIVE-DEPRIVATION OF RIGHTS -TOWN OF EAST HARTFORD

94.   Plaintiff realleges all paragraphs as set forth fully herein.

95.   The actions of the Defendants violated the Plaintiff's Fourteenth Amendment rights to due process and equal application of the law.

96.   Sansom is a policy maker, and his subordinates continued the retaliation and denial of due process and equal protection against Plaintiff in furtherance of the practice, custom and procedure of the Town of East Hartford.

97.   The Defendants knew or should have known their actions were illegal and supplanted false information and omitted valid information from their records and documents in order to deny Plaintiff the rights, customs, practices and fairness under Connecticut State Statutes, regulations, policies and the collective bargaining agreement.

98.   The Defendants, jointly and severally, had the legal duty to establish, enforce, direct, supervise and establish and control policies, customs, practices, usages, and procedures.

99.   The Defendants acting within that duty had by various acts of omission and commission fostered and encouraged an atmosphere of lawlessness, repression and a repetitive policy, custom and practice of abusive and discriminatory behavior and procedures toward Plaintiff which represented the policy, practice, custom, usage and procedure of the Town of East Hartford, and that Sansom, as a policy maker, continued against

Plaintiff in furtherance of the practice, custom and procedure of the Town of East Hartford.

100. These policies were and continue to be used unconstitutionally, illegally, immorally and unethically to retaliate and deny due process of law against Plaintiff, and other similarly situated officers.

101. Defendants have orchestrated a joint effort to force Plaintiff from his government employment and prevent him from receiving the equal protection of the laws.

102. The complained of acts represent the official policy of the Town of East Hartford.

103. As a direct result proximate result of defendants' actions, the plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to his reputation and career.

## X.    COUNT SIX-   VIOLATION OF CFEPA- EAST HARTFORD

104. Plaintiff realleges all paragraphs as set forth fully herein.

105. The Connecticut Fair Employment Practices Act, ("CFEPA"), Connecticut General Statutes § 46a-60 et. seq. prohibits discrimination based upon, inter alia, race or color and prohibits retaliation because a person opposes any discriminatory employment practice or has filed a complaint.

106. C.G.S. § 46a-60(b)(1) prohibits,

> …an employer, by the employer or the employer's agent, … to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, gender identity or expression, marital status, national origin, ancestry, present or past history of mental disability,  intellectual disability, learning disability or physical disability…

107.  C.G.S. § 46a-60(b)(4) prohibits,

> …any person employer…to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint …

108.  Pursuant to CFEPA, the defendant Town of East Hartford is liable for the discriminatory and retaliatory acts of its agents.

109.  By and through its agents and/or employees as aforementioned, the Town violated the Connecticut Fair Employment Practices Act ("CTFEPA"), CGS § 46a-60(b)(1) and § 46a-81(c) et seq. as set forth below and in one or more of the following ways:

   a.  In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race and color and;

   b.  In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race and color:

   c.  In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

   d.  In that defendant terminated plaintiff's employment as a police officer; and

   e.  In that the Town intentionally discriminated against plaintiff.

110.  The Defendant Town of East Hartford violated CFEPA's retaliation clause C.G.S. § 46a-60(b)(4), when, after it was aware of plaintiff's complaints against the Town, its agents harassed and created a hostile work environment and interfered with plaintiff's reinstatement in retaliation for making the complaints.

111.  As a direct and proximate result of defendants harassing, discriminatory and retaliatory treatment, plaintiff has suffered, and continues to suffer, adverse job

consequences, including economic damages, pain, mental anguish, physical ailments,

loss of enjoyment of life and damage to his reputation and career.

**XI**.     **COUNT SEVEN- VIOLATION OF CFEPA- AID & ABET - SANSOM**

112.    Plaintiff realleges all paragraphs as set forth fully herein.

113.    Sansom, violated CFEPA, Connecticut General Statutes § 46a-60 et. seq., which

prohibits discrimination based upon, inter alia, race and color.

114.    CGSA § 46a-60(b)(5) prohibits,

> … any person, whether an employer or an employee or not, to aid, abet, incite,
> compel or coerce the doing of any act declared to be a discriminatory employment
> practice or to attempt to do so;

115.    Sansom, in his individual capacity, violated CGSA § 46a-60(b)(5), when he aided and

abetted, the termination and hostile work environment plaintiff was subjected to as

aforementioned, and as follows:

a.   Sansom is the final authority for terminating East Hartford Police Department

employees.

b.   Sansom is responsible for enforcing the Town's discrimination policies.

c.   Sansom aided and abetted discrimination and fostered a hostile work environment

by refusing or neglecting to prohibit discrimination against plaintiff.

d.    Throughout plaintiff's employment, supervisors, and co-workers expressed and

were aware of a racially and retaliatory charged atmosphere.

e.   Employees that complained about discriminatory practices were subjected to

retaliation including increased scrutiny and false complaints.

f. Sansom knew or should have known of these complaints and instead ignored them, refused to demand they be investigated and allowed the hostile work environment to continue unabated.

g. Sansom failed to enforce the defendant Town's anti-discrimination and retaliated by terminating plaintiff after because he made a complaint against Town and the management of the EHPD.

h. When he terminated him, and interfered with his reinstatement Sansom was aware of plaintiff's discrimination complaints.

i. Sansom ordered Hawkins to harass and intimidate plaintiff with numerous inappropriate and improper inquiries and threats of discipline and hostile work conditions and humiliating uniform.

116. Sansom, in his individual capacity, violated C.G.S. § 46a-60(b)(4), CFEPA's retaliation clause, when he was aware of plaintiff's complaint against the Town and its agents and instead of investigating the complaint created a hostile work environment and interfered with plaintiff's reinstatement in retaliation for his making the complaint.

117. As a direct and proximate result of defendants harassing, discriminatory and retaliatory treatment of her, plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to his reputation and career.

## XII. COUNT EIGHT-VIOLATION OF CFEPA- AID & ABET- HAWKINS

118. Plaintiff realleges all paragraphs from Count Four as set forth fully herein.

119.  Hawkins violated CFEPA, Connecticut General Statutes § 46a-60 et. seq., which prohibits discrimination based upon, inter alia, race and color.

120.  CGSA § 46a-60(b)(5) prohibits,

> … any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so;

121.  Hawkins, in his individual capacity, violated CGSA § 46a-60(b)(5), when he aided and abetted, the termination and hostile work environment plaintiff was subjected to as aforementioned, and as follows:

   a.  Hawkins is responsible for enforcing the Town's discrimination policies.

   b.  Hawkins aided and abetted discrimination and fostered a hostile work environment by refusing or neglecting to prohibit discrimination against plaintiff.

   c.  Throughout plaintiff's employment, supervisors, and co-workers expressed and were aware of a racially and retaliatory charged atmosphere.

   d.  Employees that complained about discriminatory practices were subjected to retaliation including increased scrutiny and false complaints.

   e.  Hawkins knew or should have known of these complaints and instead ignored them, refused to demand they be investigated and allowed the hostile work environment to continue unabated.

   f.  Hawkins failed to enforce the defendant Town's anti-discrimination and retaliated by terminating plaintiff after because he made a complaint against Town and the management of the EHPD.

g.  Hawkins harassed and intimidated plaintiff with numerous inappropriate and improper inquiries and threats of discipline and hostile work conditions and humiliating uniform.

122.  Hawkins, in his individual capacity, violated C.G.S. § 46a-60(b)(4), CFEPA's retaliation clause, when he was aware of plaintiff's complaints against the Town and its agents and instead of investigating the complaint created a hostile work environment and interfered with plaintiff's reinstatement in retaliation for his making the complaint.

123.  As a direct and proximate result of defendants harassing, discriminatory and retaliatory treatment of her, plaintiff has suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, physical ailments, loss of enjoyment of life and damage to his reputation and career.

## XIII.  COUNT NINE-BREACH OF CONTRACT

124.  Plaintiff realleges all paragraphs from Count Four as set forth fully herein.

125.  On October or about October 12-19, 2016, East Hartford and plaintiff entered into a written contract regarding plaintiff's employment and reinstatement as a police officer.

126.  This agreement required East Hartford to, "take all steps necessary to assist the Plaintiff in his efforts to receive recertification to access the Connecticut On-Line Law Enforcement Communications Teleprocessing ("Collect") System."

127.  Defendant East Hartford has continually recertified other officers who have violated the rule of COLLECT.

128.    Plaintiff performed his promise and provided the services bargained for and set forth in the contract.

129.    East Hartford breached its contract with the plaintiff by refusing to, "take all steps necessary to assist the Plaintiff in his efforts to receive recertification to access the Connecticut On-Line Law Enforcement Communications Teleprocessing ("Collect") System."

130.    As a result of defendants' breach of contract plaintiff was removed from his position as a police officer, denied certification from COLLECT and has suffered lost wages, economic harm, denial of promotion, embarrassment, humiliation and injury to his personal and professional reputation.

**WHEREFORE**, THE PLAINTIFF CLAIMS:

1.    Compensatory money damages from each defendant;

2.    Attorney's fees as provided by Title VII and 42 U.S.C § 1988;

3.    Punitive damages from each defendant and pursuant to Title VII.;

4.    Any and all nominal damages from each defendant;

5.    All costs associated with the bringing of this lawsuit;

6.    Such other relief as in equity may pertain.

## CLAIM FOR A JURY TRIAL

The plaintiff requests a trial by jury for all issues in this case.

PLAINTIFF

BY:    /S/ *James S. Brewer* (ct 07019)

James S. Brewer
67 Russ Street
Hartford, CT 06106
860-217-0652
jbreweratty@gmail.com